UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
LUIS MEJIA and ABRAHAM HAMMOURI, :
                                 :
        Plaintiffs,              :
                                 :
            v.                   :
                                 :
OFFICER PAUL WARGO; OFFICER JAKE : Civil No. 3:18-cv-982(AWT)
COLLETTO; OFFICER DOMENIC        :
MONTELEONE; OFFICER ANDREW       :
RONCINSKE; OFFICER KONSTANTINE   :
ARVANITAKIS; and WAL-MART STORES :
EAST, L.P.,                      :
                                 :
        Defendants.              :
-------------------------------- x
```

## RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiffs Luis Mejia and Abraham Hammouri bring claims pursuant to 42 U.S.C. § 1983 against Officers Paul Wargo, Jake Colletto, Domenic Monteleone, Andrew Roncinske, and Konstantine Arvanitakis (collectively, the "officer defendants") for excessive force and unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution. The officer defendants move for summary judgment. Mejia and Hammouri did not respond.

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S.

317, 322-23 (1986). A non-moving party's failure to oppose a motion for summary judgment does not, by itself, justify the granting of the motion. Where the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001). If the evidence submitted in support of the summary judgment motion does not meet the movant's initial burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." Id. (internal quotation marks omitted); see also Giannullo v. City of N.Y., 322 F.3d 139, 141 (2d Cir. 2003) (the "non-movant is not required to rebut an insufficient showing"). However, Federal Rule of Civil Procedure 56(e) provides that if a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may, inter alia, "consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it."

When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to the jury.

See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor."  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Del. & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)).  However, the inferences drawn in favor of the nonmovant must be supported by the evidence.  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion."  Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F. 3d 241, 244 (2d Cir. 2004).  The asserted facts "must reference admissible evidence . . . in the record tending to prove each such fact, e.g., deposition testimony, admissions, answers to interrogatories, affidavits, etc."  Jackson v. Fed. Express., 766 F.3d 189, 194 (2d Cir. 2014).

   The court has reviewed the evidence submitted by the officer defendants.  Because no opposition to the officer defendants' motion has been filed and the evidence tends to prove them, the court considers the facts asserted in their Rule 56 Statement of Facts admitted.  See Fed. R. Civ. P. 56(e)(2).

**Count One: Excessive Force by Mejia**

Count One is a claim by Mejia against the officer defendants for excessive force in violation of the Fourth Amendment to the United States Constitution, by "confronting [him] with drawn weapons, placing him on the ground and handcuffing him." (Am. Compl. at 3.)[1]

"[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Connor, 490 U.S. 386, 395 (1989). This standard is an objective one, which requires an examination of "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. "In measuring 'reasonableness,' we consider the facts and circumstances of each particular case, including the crime committed, its severity, the threat of danger to the officer and society, and whether the suspect is resisting or attempting to evade arrest." Thomas v. Roach, 165 F.3d 137, 143 (2d Cir. 1999) (citing Graham, 490 U.S. at 396). For the officer

---

[1] The officer defendants also make arguments about a claim of excessive force by Hammouri. However, the amended complaint (ECF No. 29-1) contains only an excessive force claim by Mejia.

-4-

defendants to prevail at the summary judgment stage, they must "show that no reasonable jury, viewing the evidence in the light most favorable to the Plaintiff, could conclude that the defendant[s'] actions were objectively unreasonable in light of clearly established law." Ford v. Moore, 237 F.3d 156, 162 (2d Cir. 2001).

Here, the undisputed facts, which include a video, show the following.  The officer defendants were responding to a 911 call reporting that the plaintiffs were posing as Brinks armed guards for the purpose of committing an armed robbery.  The 911 call reported that Hammouri and Mejia were armed.  When the officer defendants approached the truck, they ordered Hammouri and Mejia out of the vehicle.  It took Mejia an additional forty-five seconds to exit the truck after Hammouri exited, during which officers continued to shout orders to Mejia to exit the truck. Mejia was moving around inside the truck during that time.  Once he exited, Mejia was ordered to get on the ground at least four times.  Mejia kept walking with his hands over his head and did not immediately get on the ground.  Mejia admitted at his deposition that he "got down to the ground by [his] own" and was not "assisted at all by any of the police officers in getting on the ground."  (Rule 56 Statement of Facts ¶ 35, ECF No. 43-2.) Mejia voluntarily rolled over.  It took multiple orders for Mejia to place his hands behind his back.  Defendant Wargo kept

his knee on Mejia's back for approximately twenty-six seconds while placing handcuffs on him. Mejia was then returned to his feet and later walked to a police cruiser.

The only claim of excessive force the court can discern from these facts is based on Wargo's placement of his knee on Mejia's back while placing handcuffs on Mejia.[2] There is no evidence that Wargo's knee was placed forcefully on Mejia's back. But, even assuming that the placement was forceful, Wargo is still entitled to summary judgment. Wargo could reasonably have interpreted Mejia's non-compliance with orders to exit the truck, to get on the ground, and to place his hands behind his back as a reasonable indicator of the possibility of further non-compliance and resistance. See Davis v. Callaway, No. 3:05CV00127DJS, 2007 WL 1079988, at *5 (D. Conn. Apr. 9, 2007) (granting summary judgment for claim based on placement of a knee on the plaintiff's back during arrest). Moreover, Wargo kept his knee on Mejia's back for only twenty-six seconds. Thus, no reasonable jury could conclude that Wargo's actions were objectively unreasonable in light of the circumstances

---

[2] There can be no claim that the officers tackled or forced Mejia to the ground because he admitted that he went to the ground on his own.

here.  He is therefore entitled to summary judgment on Mejia's excessive force claim.[3]

### Counts Two and Four: Unreasonable Search and Seizure by Mejia and Hammouri

Count Two is a claim by Mejia against the officer defendants for unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution, by "confronting Mejia with drawn weapons, placing him on the ground and handcuffing him."  (Am. Compl. at 3.)  Count Four is a claim by Hammouri against the officer defendants for unreasonable search and seizure, based on the allegation that the officer defendants "confronted Hammouri with drawn weapons and continued to hold him under armed surveillance while handcuffing him and keeping him detained for approximately one hour."  (Id. at 6.)

The officer defendants are entitled to summary judgment with respect to the plaintiffs' claim that the officer defendants' decision to approach them with weapons drawn constituted an unreasonable search and seizure.  The officer defendants were acting on a report that Mejia and Hammouri were posing as armed security guards to perpetuate an armed robbery.  No reasonable jury could conclude that the officers' decision to

---

[3] The remaining officer defendants are also entitled to summary judgment on this claim because there are no facts in the record which create any genuine issue of material fact as to whether any of them applied any force, excessive or not, to Mejia.

draw their weapons when approaching the vehicle and keep them drawn while in the process of detaining the plaintiffs was unreasonable considering the circumstances.  See, e.g., United States v. Alexander, 907 F.2d 269, 272 (2d Cir. 1990) ("A law enforcement [officer], faced with the possibility of danger, has a right to take reasonable steps to protect himself and an obligation to ensure the safety of innocent bystanders, regardless of whether probable cause to arrest exits." (citations omitted)); Garcia v. Cty. of Westchester, No. 11-CV-7258 (KMK), 2017 WL 6375791, at *28 (S.D.N.Y. Dec. 12, 2017) ("Police officers are entitled to brandish their weapons in situations where the circumstances suggest the possibility of danger.").

The officer defendants are also entitled to summary judgment with respect to Hammouri's claim that their decision to detain him under armed surveillance for an hour constituted an unreasonable search and seizure.  "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." Florida v. Royer, 460 U.S. 491, 500 (1983).  Based on the video footage, Hammouri was detained for about forty-five minutes while the officers confirmed that he and Mejia were Brinks employees.  After the investigation showed that the plaintiffs were in fact Brinks employees, they were released.  There is no evidence which

suggests that the detention involved any unnecessary delay. Thus, no reasonable jury could conclude that the approximately forty-five-minute detention was objectively unreasonable in light of clearly established law.  See United States v. Hooper, 935 F.2d 484, 497 (2d Cir. 1991) (thirty-minute detention was reasonable and collecting cases that 30-, 45-, and 75-minute detentions were reasonable).

Therefore, the officer defendants' Motion for Summary Judgment (ECF No. 43) is hereby GRANTED.

It is so ordered.

Dated this 24th day of August 2020, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge