**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LUIS MEJIA | : | |
| ABRAHAM HAMMOURI | : | |
| | : | |
| **Plaintiffs** | : | **CASE NO: 3:18-CV-00982(AWT)** |
| | : | |
| vs. | : | |
| | : | |
| OFFICER PAUL WARGO, OFFICER JAKE | : | |
| COLLETTO,  OFFICER DOMENIC | : | |
| MONTELEONE, OFFICER ANDREW | : | |
| RONCINSKE, OFFICER KONSTANTINE | : | |
| ARVANITAKIS AND | : | **SEPTEMBER 30, 2020** |
| WAL-MART STORES EAST, LP | : | |
| | : | |
| **Defendants** | : | |

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF

## MOTION FOR AN AWARD OF FEES

The Plaintiffs, in their 'Objection to Motion for an Award of Attorneys' Fees' seem to  argue that since they were able to recover Workers' Compensation benefits that somehow their claims against the Police Officers were not frivolous. They also argue that the Defendants have not provided any information about "the current financial positions"[1] of the Plaintiffs and that they should not be forced into 'financial ruin'[2].

"Under 42 U.S.C. § 1988(b), the court has discretion to 'allow the prevailing party ... [in an action under 42 U.S.C. § 1983] a reasonable attorney's fee as part of the costs....' Although § 1988(b) makes no express distinction between prevailing plaintiffs

---

[1] There is no explanation as to how the Defendants would know what the financial status is of the Plaintiffs.

[2] It is known, however, that both Plaintiffs reached very tidy settlements in their 'Comp Claims'.

and prevailing defendants, in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the United States Supreme Court construed the similar attorney's fees provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as permitting an award of attorney's fees to a prevailing *defendant* only when the plaintiff's 'claim was frivolous, unreasonable, or groundless, or [when] the plaintiff continued to litigate after it clearly became so.' Id. In *Hughes v. Rowe,* (449 U.S. 5) at 14, 101 S.Ct. 173, the court concluded that the same 'stringent' standard applies to an award of attorney's fees to a prevailing defendant in an action brought pursuant to § 1983. In reaching its conclusion in *Hughes,* the court, as it had in *Christiansburg Garment Co.,* explained that a more liberal standard would 'undercut the efforts of Congress to promote the vigorous enforcement' of our civil rights laws. *Id.,* at 15, 98 S.Ct. 694, quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* supra, at 422, 98 S.Ct. 694. Nevertheless, as the court in *Christiansburg Garment Co.* concluded for purposes of Title VII, a finding that the plaintiff acted in bad faith is not a prerequisite to an award of attorney's fees to a prevailing defendant under § 1988(b). See *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* supra, at 421, 98 S.Ct. 694 ('a [D]istrict [C]ourt may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith'); *Mikes v. Straus,* 274 F.3d 687, 705 (2d Cir.2001) ('a plaintiff's subjective bad faith is not an element under § 1988')",*Singhaviroj v. Bd. of Educ. of Town of Fairfield*, 301 Conn. 1, 17–18 (2011).

{00077957.DOCX 1}

"In determining whether an action is frivolous, courts generally consider three factors: '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.' *Sullivan v. School Board,* 773 F.2d 1182, 1189 (11th Cir.1985). 'A claim is frivolous when, viewed objectively, it may be said to have no reasonable chance of success, and present no valid argument to modify present law.' *Mikes v. Straus,* supra, 274 F.3d at 705", *Singhaviroj v. Bd. of Educ. of Town of Fairfield*, 301 Conn. 1, 18–19 (2011).

In their opposition papers the Plaintiffs argue that the Defense has inappropriately substituted its "own, very low opinion of the plaintiffs for facts". What the Plaintiffs fail to address is the fact that they were caught red handed (on video tape) blatantly lying about the events, what occurred and how they claim to be injured.

There is no explanation (nor could there be in good faith) as to how or why (other than for financial gain) the Plaintiff Hammouri lied about the fact that he was never "slammed to the ground".

Similarly, when questioned at his deposition about the incident, the Plaintiff Mejia admitted that he too was not "slammed to the ground" as he had alleged.

One of the factors that the Court can consider in weighing the equities of the matter is whether or not the Defendant offered to settle the case. In this case the Defendant filed an Offer of Judgment (Doc. No. 62) on February 12, 2020. In this Offer of Judgment the Defendants offered to allow the Plaintiffs to withdraw their claims against the Defendant Officers. In exchange, the Defendants offered to "waive any and all rights that they may have to seek reimbursement for fees, costs and expenses,

including legal fees incurred in defense of said Defendants, pursuant to law including pursuant to 42 USC Section 1988 and Connecticut General Statutes Section 52-568 (including any claim for double or treble damages)" (a copy of the Offer of Judgment was attached to the Defendants original Motion as Exhibit "F").

It must be pointed out that the depositions of Mejia and Hammouri took place on February 5th and 7th, 2020, respectively.  Therefore, at the time when the Offer of Judgment was filed it was clear that the claims made by both of the Plaintiffs were not supported by the record.

In this case, while there was not a trial on the merits, the Plaintiffs failure to accept the Offer of Judgment and/or to withdraw their claims forced the Defendant Officers to file a complex and time-consuming Motion for Summary Judgment all to their great cost and expense in terms of time and/or money.

Further, the Defendants filed a Request for Admissions pursuant to FRCP Rule 36 on March 15, 2019 (A copy is attached as Exhibit "R" to the Motion for Summary Judgment). Through said Request the Defendants sought to have the Plaintiffs admit, inter alia, that "the allegation that Hammouri was 'slammed to the ground' was a false allegation" (#5); that "the allegation that Mejia was 'slammed to the ground' was a false allegation" (#15); and that Mejia was not "thrown to the ground" (#26). All of these statements (and more) were denied by the Plaintiffs. It was only by the use of the video tape and the deposition testimony and the filing of the Motion for Summary Judgment that the Defendants have been able to show that in fact these things never happened.

Pursuant to FRCP Rule 37(c)(2) if a party "fails to admit what is requested under Rule 36 and if the requesting party later proves… the matter to be true, the requesting

{00077957.DOCX 1}

party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof".

Accordingly, the Defendants are entitled to receive their reasonable expenses incurred, including attorney's fees, in proving these matters to be true (by proving the denials to be inaccurate).

All in all it would seem that the equities would dictate that these Plaintiffs, who both filed unsubstantiated claims against the officers including false allegations, should be required to pay some compensation for having done so. Clearly their claims 'had no reasonable chance of success and presented no valid argument to modify present law' and, as such, were frivolous on their face.

<br>

**THE DEFENDANTS,**
**Officer Wargo, Officer Colleto, Officer**
**Monteleone, Officer Roncinske,**
**Officer Arvanitakis**

**By:**       **/S/      CT05416**
**M. Jeffry Spahr**
**Federal Bar No. CT05416**
**Office of Corporation Counsel**
**125 East Avenue, Rm 237**
**PO Box 5125**
**Norwalk, CT  06856-5125**
**Tel.:  (203) 854-7750**
**Fax:  (203) 854-7901**
**E-mail:  jspahr@norwalkct.org**

## CERTIFICATION

**I hereby certify that on this date, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept the electronic filing.  Notice of this filing will be sent by e-mail to all parties to all parties by operation of the court's electronic filing system or by First Class Mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.**

_____/S/_____

M. Jeffry Spahr