```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------- x
LUIS MEJIA and ABRAHAM HAMMOURI, :
                                :
          Plaintiffs,           :
                                :
          v.                    :
                                :
OFFICER PAUL WARGO; OFFICER JAKE:   Civil No. 3:18-cv-982(AWT)
COLLETTO; OFFICER DOMENIC       :
MONTELEONE; OFFICER ANDREW      :
RONCINSKE; OFFICER KONSTANTINE  :
ARVANITAKIS; and WAL-MART STORES:
EAST, L.P.,                     :
                                :
          Defendants.           :
-------------------------------- x
```

### RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiffs Luis Mejia and Abraham Hammouri bring claims against Walmart Stores East, LP ("Walmart") for malicious prosecution, Mejia in Count Three and Hammouri in Count Five. Walmart moves for summary judgment. For the reasons set forth below, the motion for summary judgment is being granted.

### Legal Standard

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Rogoz v. City of Hartford, 796 F.3d 236, 245 (2d Cir. 2015) (quoting Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010)) (citing Fed. R. Civ. P. 56(a)). "The function of the

district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Id. (quoting Kaytor, 609 F.3d at 545) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

When reviewing the evidence on a motion for summary judgment, "'the court must draw all reasonable inferences in favor of the nonmoving party,' Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000), 'even though contrary inferences might reasonably be drawn,' Jasco Tools Inc. v. Dana Corp., 574 F.3d 129, 152 (2d Cir. 2009)." Kaytor, 609 F.3d at 545.

The nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," id., if the movant demonstrates an absence of such issues, a limited burden of production shifts to the nonmovant, who must "demonstrate more than some metaphysical doubt as to the material facts, . . . [and] must come forward with specific facts showing that there is a genuine issue for trial," Aslanidis v. United States Lines, Inc., 7 F.3d 1067,

1072 (2d Cir. 1993) (quotation marks, citations and emphasis omitted). "Accordingly, unsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41. If the nonmovant fails to meet this burden, summary judgment should be granted.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A material fact is one that would "affect the outcome of the suit under the governing law." Liberty Lobby, 477 U.S. at 248. As the Court observed in Liberty Lobby: "[T]he materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted. When confronted with an asserted factual dispute, the court must examine the elements of the claims and defenses at issue on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. See Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 486 (2d Cir. 2014) ("[A] complete failure of proof concerning an essential element

of the nonmoving party's case necessarily renders all other facts immaterial." (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986))). Immaterial or minor factual disputes will not prevent summary judgment.

## Discussion

Both claims arise out of an incident on May 7, 2016 at a Walmart store in Norwalk, Connecticut. Count Three is a claim by Mejia that Walmart instituted a malicious prosecution by contacting the police without probable cause and instructing its supervisory personnel to call the police if a Brink's truck arrived at its store. (Am. Compl., ECF No. 29-1, Count 3 ¶ 8-9.) Count Five is an identical claim by Hammouri that Walmart instituted a malicious prosecution by contacting the police without probable cause and instructing its supervisory personnel to call the police if a Brink's truck arrived at its store. Id. at Count 5 ¶ 8-9.

Under Connecticut law, "[a]n action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." Frey v.

-4-

Maloney, 476 F. Supp. 2d 141, 147 (D. Conn. 2007)(quoting McHale v. W.B.S. Corp., 187 Conn. 444, 447 (1982)).

The first element requires the plaintiff to prove that the defendant initiated or procured the institution of a criminal proceeding against the plaintiff. "A private person can be said to have initiated a criminal proceeding if he has insisted that the plaintiff should be prosecuted, that is, if he has brought pressure of any kind to bear upon the public officer's decision to commence the prosecution." McHale, 187 Conn. at 448. Black's Law Dictionary defines a prosecution as follows: "A criminal proceeding in which an accused person is tried." (Black's Law Dictionary (11th ed. 2019)); see also Washington v. City of New York, No. 11 CIV. 363 BSJ HBP, 2012 WL 4468163, at *2-3 (S.D.N.Y. Sept. 18, 2012) ("Defendants seek dismissal of Plaintiff's claims of malicious prosecution and abuse of process under § 1983 'because no criminal proceeding was initiated against plaintiff,' he 'was never arraigned,' and 'no legal process was used.' . . . The Complaint contains no facts alleging that Plaintiff was ever arraigned. . . . Accordingly, Plaintiff's claims for malicious prosecution and malicious abuse of power in violation of § 1983 are dismissed.")

There is no genuine issue as to the fact that the plaintiffs were never charged with or prosecuted for a crime. The plaintiffs state in their amended complaint: "The Norwalk

police investigated and confirmed that the man in the Brink's truck wearing the Brink's uniform with the Brink's photo ID worked for Brink's, at which point the police discharged Mejia and no further action was taken." (Am. Compl., Count Three ¶ 10); and "Hammouri was released after Norwalk police investigated and confirmed that he and Mejia worked for Brink's." Id. at Count Five ¶ 10. Because neither plaintiff was ever charged with a crime, no criminal proceeding was initiated or procured. Therefore, the first element of a malicious prosecution claim cannot be established.

In their opposition, the plaintiffs argue that the fact that they were not arrested should not be dispositive because "[f]rom the beginning of the stop to the time the police removed the handcuffs, plaintiffs knew that they were not free to leave. It is settled law that such detentions are considered an arrest for claims arising from those detentions. see, e.g. U.S. v. Mendenhall, 446 U.S. 544, 554 (1980) and cases cited therein." (Pls.' Objection to Mot. for Summ. J., ECF No. 64, ("Pls.' Opp."), at 21.) However, because the plaintiffs bring claims against Walmart for malicious prosecution, not for unreasonable search and seizure, Mendenhall's definition of a Fourth Amendment seizure does not apply here. Moreover, the actual language from Mendenhall is that "a person has been 'seized' within the meaning of the Fourth amendment only if, in view of

all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." 446 U.S. at 554 (1980).

The plaintiffs also argue, citing Zenik v. O'Brien, that "[t]he question is not whether charges were brought against plaintiffs, and the real question is not amenable to summary judgment: was Adams the 'proximate and efficient cause' of the actions of the Norwalk police? Zenik, 137 Conn. [at] 596." (Pls.' Opp. at 21.) However, Zenik makes clear that only after determining that a criminal proceeding had been initiated can a court proceed to analyze whether the defendant was the "proximate and efficient cause of the arrest." Zenik, 137 Conn. 592, 596 (1951). Also, the plaintiffs mistakenly assert that the plaintiff in Zenik was not charged with a crime (see Pls.' Opp. at 21), but in fact, he was arrested and charged with breach of the peace before the prosecuting attorney ultimately entered a nolle prosequi. See 137 Conn. at 595 ("the plaintiff was placed under arrest on a charge of breach of the peace . . . . Two days later, when he appeared with counsel before the City Court of Norwalk to answer to the charge of breach of the peace, the prosecuting attorney entered a nolle.") Thus, a prosecution had been initiated in Zenik.

The first element of a claim for malicious prosecution is established if the defendant has "brought pressure of any kind

to bear upon the public officer's decision to commence prosecution." McHale, 187 Conn. at 448. The plaintiffs argue that the defendant did pressure the police because:

> No one disclosed that in addition to attempting to deliver, not pick-up, money, the Brink's employee in the Brink's uniform with the Brink's [I.D.] tag that had gotten out of the Brink's armored truck also asked the Wal-Mart personnel to sign a Brink's form that would have memorialized the transaction. Further, no one told the police that Brinks drivers routinely make deliveries to Wal-Mart. A reasonable juror could conclude that a police officer would not have acted as the Norwalk police did if these disclosures were made. Further, a reasonable juror can listen to the 911 call, and hear the urgency in Mr. Adams voice when Adams realizes that the dispatcher is not inclined to send police officers simply because a Brink's employee had come in to his store to make a delivery. A reasonable juror will hear Adams emphasize that Mejia was armed and conclude from the totality of the 911 call that Adams clearly brought pressure to bear upon the Norwalk police to take seriously his complaint that Mejia was potentially an armed robber.

(Pls.' Opp. at 20.) However, a criminal prosecution must in fact have been commenced in order for one to consider whether pressure was brought to bear on the decision to commence that prosecution. See Zenik, 137 Conn. at 596 ("A person is deemed to have initiated a proceeding if his direction or request, or pressure of any kind by him, was the determining factor in the officer's decision to commence the prosecution." (emphasis added)). Here, the fact that no criminal prosecution was commenced means one does not reach the question of whether there was pressure brought to commence a prosecution.

Accordingly, the court concludes that Walmart is entitled to summary judgment on Count Three and Count Five of the amended complaint because the fact that no criminal proceeding against either plaintiff was ever initiated or instituted means that the first element of a malicious prosecution claim cannot be established.

## Conclusion

For the reasons set forth above, Walmart's Motion for Summary Judgment (ECF No. 51) is hereby GRANTED, and Walmart is granted summary judgment on Count Three and Count Five. Because these are the sole remaining claims in this case, the Clerk shall enter judgment and close this case.

It is so ordered.

Dated this 5th day of February 2021, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge
