UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
LUIS MEJIA and ABRAHAM HAMMOURI, :
                                 :
        Plaintiffs,              :
                                 :
              v.                 :
                                 :
OFFICER PAUL WARGO; OFFICER JAKE :   Civil No. 3:18-cv-982(AWT)
COLLETTO; OFFICER DOMENIC        :
MONTELEONE; OFFICER ANDREW       :
RONCINSKE; OFFICER KONSTANTINE   :
ARVANITAKIS; and WAL-MART STORES :
EAST, L.P.,                      :
                                 :
        Defendants.              :
-------------------------------- x
```

**ORDER RE OFFICER DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

For the reasons set forth below, the Motion for an Award of Attorney's Fees by the Prevailing Defendant (ECF No. 59), filed by the police officer defendants, is hereby GRANTED, and each plaintiff is hereby ordered to pay $2,500.

"In any action or proceeding to enforce a provision of [42 U.S.C. § 1983] . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b)(2000). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. Equal Employment Opportunity

Comm'n, 434 U.S. 412, 422 (1978). "Fees are awarded to prevailing defendants in civil rights cases principally to deter frivolous litigation." Tancredi v. Metropolitan Life Ins. Co., No. 00Civ.5780, 2003 WL 22299203, at *6 (S.D.N.Y. Oct. 7, 2003) (citing Carrion v. Yeshiva Univ., 535 F.2d 722, 727 (2d Cir. 1976)). "[B]ecause fee awards are at bottom an equitable matter, courts should not hesitate to take the relative wealth of the parties into account." Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1028 (2d Cir. 1979)(internal citation omitted).

   A limited award of attorney's fees is appropriate here because the plaintiffs continued to litigate this case after their claims clearly became groundless. In August 2018, counsel for the police officer defendants sent to counsel for the plaintiffs, as well as counsel for co-defendant Walmart Stores East, L.P., security video-recordings from the Brink's truck the plaintiffs were operating on the day in question. These recordings supported the police officer defendants' version of events. The plaintiffs were deposed in February 2020 and, during their respective depositions, they made key admissions favorable to the police officer defendants. Later in February, counsel for the police officer defendants made offers of judgment to the plaintiffs, pursuant to which the plaintiffs would withdraw their claims and the defendants would waive any and all rights to seek reimbursement for legal fees, costs, and expenses

incurred in defending those claims. See ECF Nos. 41 and 42. The plaintiffs never responded to the offers of judgment.

Having received no response to either of the offers of judgment, the police officer defendants filed a motion for summary judgment on May 26, 2020. The opposition by the plaintiffs was due by June 16, 2020, a deadline they failed to meet. On June 18, 2020, counsel for the police officer defendants filed a motion for default judgment against the plaintiffs. Almost a month later, on July 15, 2020, the plaintiffs moved for an extension of time to August 15, 2020 for filing an opposition to the motion for summary judgment. That motion was granted. However, the plaintiffs never filed an opposition to the motion for summary judgment, and the court entered a ruling granting the police officer defendants' motion for summary judgment on August 24, 2020, having concluded that the movants had met their initial burden for purposes of summary judgment. The results of the independent medical exams and the fact that one plaintiff was handcuffed and the other had an officer kneel on his back for "26 seconds"[1] lead the court to conclude that the plaintiffs did not act unreasonably in bringing suit based on their perceptions of the incident.

---

[1] The police officer defendants characterize this as "only 26 seconds" but whether a person feels that is a long time probably depends on whether it is his/her back that is being kneeled on, and 26 seconds is enough time to cause injury.

However, framing the plaintiffs' perceptions of the events in the context of their legal claims, it was apparent after discovery and the depositions of the plaintiffs that they did not have grounds to pursue their claims further. Moreover, they were put on notice by the offers of judgment that the police officer defendants would be seeking attorney's fees and costs, and they were also offered a means to avoid that scenario.

Based on the foregoing, the court finds that as of the time the offer of judgment was filed, there was a need to deter the plaintiffs from proceeding with groundless claims.

After considering the equities of the matter, the court concludes that an award of $2,500 in attorney's fees to be paid by Mejia and $2,500 in attorney's fees to be paid by Hammouri is most appropriate. Based on the conservative estimates submitted by counsel for the police officer defendants, the court concludes that $9,000 is a reasonable estimate for the time spent to prepare the motion for summary judgment. However, the plaintiffs do not appear to be sophisticated consumers of legal services, and their counsel neglected to timely file an opposition to the motion for summary judgment and then ultimately failed to file an opposition. This leaves the court with a concern about whether counsel for the plaintiffs discussed the offers of judgment with his clients in any meaningful way. Also, the court's conclusions in ruling on the

motion for summary judgment were based on the initial showing by the police officer defendants, with no input from the plaintiffs. Thus, although the court cannot discern how the plaintiffs could have created a genuine issue of material fact, the court cannot be absolutely certain that the plaintiffs would have been unable to do so.

Payment shall be delivered to counsel for the police officer defendants within 60 days.

It is so ordered.

Dated this 12th day of February 2021, at Hartford, Connecticut.

                                                 /s/ AWT
                                          Alvin W. Thompson
                              United States District Judge